IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCY REANN AYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-47-RAW-SPS |
| | ) |
| COMMISSIONER of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Marcy Reann Ayers requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities.  If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied.  If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry.  Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work.  At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was thirty-seven years old at the time of the most recent administrative hearing (Tr. 2078). She completed high school, and has no past relevant work (Tr. 272, 2058). The claimant alleges that she has been unable to work since April 8, 2016, due to osteogenesis imperfecta/blue sclera, multiple fractures (two hip fractures, back fracture), seizures, ADHD, and psychological issues (Tr. 271).

## Procedural History

On October 28, 2013, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434; she also applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on August 21, 2013. Her applications were denied. ALJ James Bentley conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 3, 2015 (Tr. 14-34). The Appeals Council denied review, but this Court reversed in Case No. CIV-16-341-SPS and remanded the case for further administrative proceedings (Tr. 2230-2241). On remand, ALJ J. Leland Bentley held a second administrative hearing and again determined the claimant was not disabled in a written opinion dated October 11, 2018 (Tr. 2032-2060). The Appeals Council again denied review, so the ALJ's October 2018 opinion represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. At step two, the ALJ found that the claimant had the severe impairments of methamphetamine abuse, anxiety, seizure disorder, depression, PTSD, ADHD, osteoarthritis, status post superior endplate acute compression fracture at T8/back pain, obesity, and history of bilateral hip replacement (Tr. 2035). At step four, he then found that the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could only understand, remember, and apply simple instructions and concentrate and persist for extended periods in order to carry out simple work tasks with routine supervision. Additionally, he found she could maintain superficial work relationships with co-workers and supervisors, but she could have no contact with the general public. Due to her history of bilateral hip replacement and subjective hip pain, he found she would be limited to occasional balancing, kneeling, crouching and crawling, and that she needed to avoid unprotected heights and dangerous moving machinery due to her history of seizures. Finally, he found that she could adapt to a routine work setting within the framework of the limitations of the rest of the RFC (Tr. 2039). The ALJ then concluded at step five that although the claimant had no past relevant work to return to, she was nevertheless not disabled because there was work that she could perform, *e. g.*, electrical accessory assembler, inspector/hand packager, and small product assembler (Tr. 2059).

**Review**

The claimant's sole contention of error is that the ALJ failed to identify jobs she

could perform in light of the assigned RFC. Because this contention lacks merit, the decision of the Commissioner should be affirmed.

At the administrative hearing, the ALJ elicited testimony from a vocational expert ("VE") to determine if there were other jobs the claimant could perform with the following RFC:

> Individual would be limited to just occasional contact with coworkers and supervisors. Would have no work related contact with the general public. And would require a sit/stand option defined as just a temporary change in position from sitting to standing, and vice versa, with no more than one change in position every 20 minutes. And without leaving the workstation, so as not to diminish pace or production.

(Tr. 2136). In response, the VE indicated that such a person could perform the following three light jobs: (i) inspector/hand packer, DICOT § 559.687-074; (ii) small product assembler, DICOT § 706.684-022; and (iii) electrical accessories assembler, DICOT § 729.687-010 (Tr. 2136). The ALJ then added to the above RFC that such an individual "would be limited to just occasional balancing, stooping, kneeling, crouching, and crawling. And further that the individual would need to avoid unprotected heights and dangerous moving machinery." (Tr. 2137). The VE testified that all three jobs previously identified would continue to work for such an individual (Tr. 2137). The VE further indicated that the information provided was not in conflict with the Dictionary of Occupational Titles ("DOT") (Tr. 2137).

As relevant to this appeal, the ALJ in his written decision adopted the VE's testimony that the claimant could perform the light jobs of inspector/hand packer, small product assembler, and electrical accessories assembler (Tr. 2059). Furthermore, the ALJ

specifically found that the VE's "testimony [wa]s consistent with the information contained in the [DOT]" (Tr. 2059). The claimant asserts that the ALJ erred in identifying jobs she could perform, because there was a conflict between the information provided and the DOT.

Under Social Security Ruling 00-4p, "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704, at *4 (Dec. 4, 2000) [emphasis added]. Although the VE did not identify any conflict between her testimony and the DOT, the claimant contends there is a conflict with regard to the reasoning levels of each of the jobs identified. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

In this case, all three jobs identified had a reasoning level of 2. *See* DICOT §§ 559.687-074, 706.684-022, & 729.687-010. A reasoning level of two requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." The reasoning levels for jobs in the DOT best identify the level of simplicity (or, conversely, complexity) associated with the job. *See Cooper v.*

*Barnhart,* 2004 WL 2381515, at *4 (N.D. Okla. Oct. 15, 2004) ("The reasoning level, as identified by Plaintiff, appears more similar to whether or not a claimant has a limitation to performing only simple tasks.") [citations omitted]. The claimant asserts that this reasoning level is incompatible with an RFC limitation to simple, repetitive work. The Court agrees with the Commissioner, however, that a reasoning level of two *is consistent* with performing simple tasks, although a reasoning level of three is not, and that other courts have reached the same conclusion. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) ("This level-two reasoning appears more consistent with Plaintiff's RFC [limiting her to simple and routine work tasks.]"); *Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) ("Ms. Stokes' second argument is that the ALJ's limitation to simple, repetitive and routine work should be construed as a limitation to jobs with a reasoning-level rating of one. We disagree."). *See also Couch v. Berryhill*, 2017 WL 1194344, at *4 (E.D. Okla. March 13, 2017) ("In accordance with the court's findings in *Hackett*, a restriction to simple work is consistent with this reasoning level [of 2]."); *Goleman v. Colvin*, 2016 WL 3556958, at *4 (W.D. Okla. May 6, 2016) (where RFC limited claimant to "simple, routine, repetitive instructions[,] [t]he ALJ properly relied on the jobs identified by the VE with a reasoning level of two."). Accordingly, the decision of the ALJ should be affirmed.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that

the Court AFFIRM the decision of the Commissioner. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 27th day of April, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**